⊜ EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
**21SV495**
A - ROBERT D. ALEXANDER
NOV 03, 2021 04:44 PM

*Camie W. Thomas*
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| ANNIE LOIS FABRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| vs. | ) | |
| | ) | _____ |
| WALMART, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, in the above-styled action, by and through counsel of record and files this, her Complaint for Damages against the above-named Defendant, and shows this Honorable Court the following:

1.

This is an action for damages sustained by Plaintiff on January 1, 2020, arising from the violent collision of a shopping cart corral into her body, crushing her against the side of her car, causing painful and serious injuries to her head, neck, shoulder, back, hips, and pelvic area as she was in the process of entering the driver's seat of her car which was parked next to the shopping cart corral in the parking lot of Walmart Supercenter #3 in Commerce, Georgia.

## PARTIES AND JURISDICTION

2.

Defendant is a foreign for-profit Corporation with its principal office address located at 702 SW 8th Street, Bentonville, Arkansas, 72716, and may be served with process by delivering a copy of the Summons and Complaint to its registered agent: The Corporation Company, with its physical address located at 106 Colony Park Drive Ste. 800-B Cumming GA 30040.

3.

Once served with process, Defendant is subject to the jurisdiction and venue of this Court. Pursuant to O.C.G.A. §14-2-510 b (3) actions for damages because of wrong or injury done, in the county where the cause of action originated, if the corporation has an office and transacts business in that county.

4.

Defendant is a corporation, if any other than the above named known Defendant, who, on the date of the incident, managed, possessed, maintained and/or otherwise controlled the cart corral, cart collector, and/or related equipment where Plaintiff was violently struck and seriously injured. Plaintiff alleges on information and belief that Defendant may in some manner be responsible for the acts or omissions alleged herein.

## BACKGROUND

5.

On January 1, 2020, Plaintiff, was a business invitee at Defendant's place of business, Walmart Supercenter #3 located at 30983 US-441 Commerce, Georgia 30529.

7.

On January 1, 2020, the Premises was owned, operated, occupied, and/or managed by Defendant.

8.

After shopping, Plaintiff returned to her car, parked adjacent to a cart corral. As she was entering her car, the cart corral suddenly and unexpectedly shifted and violently struck her, crushing her against the car and injuring her head, neck, shoulder, hips and pelvic area.

9.

On that date, Defendant had exclusive ownership, possession, and control over the Premises at all times relevant to this litigation

10.

On that date, Defendant had the duty to exercise ordinary care in keeping the premises safe. Pursuant to O.C.G.A §51-3-1

11.

At all times relevant hereto, Plaintiff was exercising due care for her own safety.

12.

As a result of Plaintiff's fall, she suffered severe injury and severe pain, suffering, and mental anguish.

13.

Plaintiff suffered painful injuries to her head, neck, left shoulder, hips, and pelvic area. The impact and her injuries are actually and proximately due to the negligence of Defendant.

## COUNT 1 – PREMISES LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

Defendant was negligent by:

(a) failing to exercise ordinary care in the maintenance of the cart corral

(b) failing to exercise ordinary care in the maintenance of the cart collector

(c) failing to train its employee in operating the cart collector

(d) carelessly allowing an employee to operate the cart collector absent proper instruction

(e) choosing not to ensure that the cart collectors were in working order prior to their use

(f) allowing a cart collector that has not been properly maintained to be operated by their employees in close proximity to their invitees

15.

The impact and her injuries are directly due to the negligence of Defendant and its employee(s).

16.

As the actual and proximate cause of Defendant's negligence, Plaintiff suffered serious physical injury causing severe and permanent pain and suffering.

## COUNT II – VICARIOUS LIABILITY

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

At all times relevant to this action, the Defendant was responsible for the negligent action of its employee acting within the scope of their employment.

## COUNT III– NEGLIGENT TRAINING & SUPERVISION

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated

20.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections for hazardous conditions were performed on the premises.

21.

Defendant was negligent in failing to properly train and supervise its employee to use equipment safely and properly.

22.

As a result of Defendant's negligence on all counts, Plaintiff was injured on the premises.

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgement against Defendant as follows:

(a) That Plaintiff recover the full value of past and future medical expenses in an amount to be proven at trial;

(b) That Plaintiff recover for mental and physical pain and suffering and emotional distress in the amount to be determined by the enlightened conscience of the jury;

(c) That Plaintiff recover such other and further relief as is just and proper;

(d) That all issues be tried before a jury.

This _3rd_ day of November 2021

                                                        **LAWSMITH ATTORNEYS**

                                                        GARY W. SMITH
                                                        Georgia Bar No. 657775
                                                        Attorney for Plaintiff

LawSmith Attorneys
3550 Habersham at Northlake
Tucker, GA  30084
Phone:  770-938-8000
Fax:  770-938-2012

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

ANNIE LOIS FABRIS,

    Plaintiff,

v.

WALMART, INC.,

    Defendant.

_____/

Civil Action File No.
21SV495

### ANSWER OF DEFENDANT

COMES NOW, Defendant WALMART, INC. and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint. Jurisdiction and venue are now proper in the United States District

Court, Northern District of Georgia, Gainesville Division.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

There is no paragraph number 6 in Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint, but admits that it operated the subject store..

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves and have been omitted.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant realleges and incorporates herein the answers contained in paragraphs 1 through 13 above as if fully restated.

Defendant denies the remaining allegations contained in paragraph 14 of the Plaintiff's Complaint, including subparagraphs (a), (b), (c), (d), (e) and (f) thereof.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant realleges and incorporates herein the answers contained in paragraphs 1 through 16 above as if fully restated.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendant realleges and incorporates herein the answers contained in paragraphs 1 through 18 above as if fully restated.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

24.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), and (d) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

                        McLAIN & MERRITT, P.C.

                         /s/  Nicholas E. Deb
                        Nicholas E. Deb
                        Georgia Bar No. 117025
                        Attorneys for Defendant
                        WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **ANSWER OF DEFENDANT** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the 30th day of November, 2021.

                                        McLAIN & MERRITT, P.C.

                                        /s/   Nicholas E. Deeb
                                        Nicholas E. Deeb
                                        Georgia Bar No. 117025
                                        Attorneys for Defendant
                                        WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com